THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN GARRETT, et al., | ) | Case No. 2:18-cv-00692 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. Deavers |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S RESPONSE IN OPPOSITION TO GARRETT PLAINTIFFS' MOTION TO FILE
SECOND AMENDED CLASS ACTION COMPLAINT**

The *Garrett* plaintiffs in this case placed on file what they labeled a Second Amended Complaint ("SAC") on November 27, 2019 (Doc. 126).  This was both procedurally and substantively improper.  Procedurally, Fed. R. Civ. P. 15 allows a party to amend its pleadings only "once as a matter of course[.]"  Fed. R. Civ. P. 15(a)(1).  The *Garrett* plaintiffs already filed both Original and First Amended Complaints ("FAC") more than a year ago.  *See* Docs. 1 and 33.  Ohio State did not oppose plaintiffs' motion to file their FAC.  *See* Doc. 29.  Prior to filing the current SAC, however, the *Garrett* plaintiffs were required to obtain Ohio State's written consent or the Court's leave.  *See* Fed. R. Civ. P. 15(a)(2).  They did not do so.  Accordingly, Ohio State is treating the improperly filed SAC as an implicit motion for leave to amend the FAC.[1]

Substantively, the SAC is improper for several reasons.  Ohio State previously agreed to

---

[1] Alternatively, if the Court chooses to do so, it can construe this opposition as a motion to strike the SAC for failure to comply with Fed. R. Civ. P. 15(a)(2).  *See* Fed. R. Civ. P. 12(f)(2); *Nicholson v. City of Westlake*, 20 F. App'x 400, 402 (6th Cir. 2001) (district court did not abuse its discretion in striking amended complaint where plaintiff did not comply with Rule 15(a)); *Kirk v. Muskingum Cty. Ohio*, No. CIV. A. 2:09-CV-0583, 2010 WL 3719286, at *2 (S.D. Ohio May 24, 2010*), report and recommendation adopted as modified*, No. 2:09-CV-00583, 2010 WL 3702581 (S.D. Ohio Sept. 17, 2010) (striking amended complaint where it was filed without the consent of the defendants or the Court's permission).

allow complaint amendments *adding new plaintiffs* because such amendments would assist with mediation efforts. Ohio State currently does *not* oppose amendments to add new plaintiffs (and allegations specific to those new plaintiffs) to the complaints in any of the current Strauss-related cases. The *Garrett* plaintiffs' SAC, however, adds *zero* new plaintiffs. Contrary to the prior representations of plaintiffs' counsel, the SAC adds approximately 28 pages of new factual allegations, materially changes the class definition, and re-writes the allegations relating to particular plaintiffs that are inconsistent with and/or directly contradict the allegations in the FAC. *Compare, e.g.,* FAC at ¶ 17 (Garrett), ¶ 73 (Beedon), ¶ 86 (Ritchie), ¶ 88 (Schyck), ¶ 90 (Shepard), ¶ 104 (Antognoli), and ¶ 237 (class definition) *with* SAC at ¶¶ 156-161 (Beedon), ¶¶ 174-175 (Antognoli), ¶¶ 176-180 (Ritchie), ¶¶ 181-187 (Schyck), ¶¶ 188-196 (Shepard), ¶ 254 (Garrett), and ¶ 446 (class definition).

The proposed amendments are untimely and prejudicial to Ohio State and the 300+ other plaintiffs who have been mediating in good faith for the last six months. The proposed amendments alleging what Strauss did to these previously identified plaintiffs at least twenty years ago is information that was already available to plaintiffs at the time they filed their original Complaint on July 16, 2018, and their FAC on October 26, 2018. Both prior complaints set forth detailed allegations specific to each plaintiff's experience with Strauss and the harm incurred, all of which plaintiffs were aware at the time of the conduct. Ohio State, the mediator, and the 300+ plaintiffs in the other fourteen related cases have relied upon those allegations during the mediation proceedings.

Additionally, and more troubling, several of the new allegations relating to the previously identified plaintiffs are not merely additional details about what Strauss did to these plaintiffs, but are allegations that are inconsistent with and/or directly contradict plaintiffs' prior allegations.

Multiple plaintiffs have materially changed the nature of the abuse they allegedly endured and the harm they allegedly suffered.

Finally, the proposed amendments are fundamentally inconsistent with the Court's prior directive, repeated numerous times throughout the course of these proceedings, "encourag[ing] the parties to focus their efforts on mediation, and any discovery pursued should be narrowly tailored for the purposes of mediation." *See* Doc. 90 at 2. None of the proposed amendments assists with mediation efforts. The *Garrett* plaintiffs already amended their Complaint over a year ago, and the parties have been actively mediating for the past six months. It is improper for these plaintiffs to amend their Complaint, ***again***, at this stage of litigation – especially given that Ohio State's motion to dismiss the FAC is fully briefed and ready for the Court's decision, if and when the mediation with these plaintiffs were to reach an impasse. *See* Order, Doc. 108 at 2 ("Defendant may renew the motions [to dismiss] if mediation ultimately proves unsuccessful.").

For the foregoing reasons, the Court should disallow the SAC. If the Court determines the SAC was properly filed or grants plaintiffs leave, after the fact, to file the SAC, Ohio State requests that its deadline to move, answer, or otherwise plead to the SAC be extended during the pendency of mediation, until such time as the parties have concluded their mediation efforts and the Court has set a deadline for Ohio State to respond to the SAC.[2]

---

[2] The Court has entered identical orders granting Ohio State's unopposed motions to extend Ohio State's deadlines to move, answer, or otherwise plead to the complaints during the pendency of mediation, until such time as the parties have concluded their mediation efforts and the Court has set a deadline for Ohio State to respond to the complaints, in the following cases: *John Doe M.B., et al.*, S.D. Ohio Case No. 2:19-cv-01911, Docs. 22, 27; *DiSabato, et al.*, S.D. Ohio Case No. 2:19-cv-04433, Doc. 22; *Michael Heifferon*, S.D. Ohio Case No. 2:19-cv-02429, Doc. 17; *Nicholas Nutter, et al.*, S.D. Ohio Case No. 2:19-cv-02462, Doc. 19; *John Does 37-66*, S.D. Ohio Case No. 2:19-cv-03165, Doc. 10; and *John Doe*, S.D. Ohio Case No. 2:19-cv-04433, Doc. 17.

DAVID A. YOST
ATTORNEY GENERAL OF OHIO

By: /s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
David J. Barthel (0079307)
Jennifer A.L. Battle (0085761)
Stephen E. Dutton (0096064)
CARPENTER LIPPS AND LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: carpenter@carpenterlipps.com
bricker@carpenterlipps.com
battle@carpenterlipps.com
barthel@carpenterlipps.com
dutton@carpenterlipps.com

Special Counsel for Defendant The Ohio State University

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing was filed electronically on December 11, 2019.  Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.  The parties may access this fling through the Court's ECF system.

/s/ Michael H. Carpenter<br>
Trial Attorney for<br>
Defendant The Ohio State University