UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Nicholas Nutter, *et al.*,

    Plaintiffs,

v.

The Ohio State University,

    Defendant.

Case No. 2:19-cv-2462

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

In this case, twenty-seven named plaintiffs and nineteen unnamed plaintiffs (together, "Plaintiffs") sue The Ohio State University ("Ohio State") based on sexual abuse they suffered at the hands of Dr. Strauss ("Strauss") while students at Ohio State. Am. Compl., ECF No. 33. They sue Ohio State under the following theories of Title IX liability: (1) hostile environment; (2) deliberate indifference; (3) heightened risk; and (4) retaliation (brought by non-party Michael DiSabato and Plaintiff Mark Coleman). *Id.* ¶¶ 479–513; 527–41. It appears Plaintiffs base each Title IX theory on both the abuse by Strauss and the highly sexualized environment that generally existed within Larkins Hall. *Id.* Plaintiffs also assert a stand-alone claim of fraudulent concealment, *id.* ¶¶ 514–26, and a claim for violation of their Fourteenth Amendment Substantive Due Process rights by way of 42 U.S.C. § 1983. *Id.* ¶¶ 542–51. Ohio State moves to dismiss all claims. Mot. Dismiss, ECF No. 36. Plaintiffs responded and

moved in the alternative to amend, Resp. ECF No. 40, and Ohio State replied. Reply, ECF No. 42.

After the motion to dismiss was fully briefed, the Court was notified that the following Plaintiffs elected to settle their claims: Nicholas Nutter, Dunyasha Yetts, Adam DiSabato, Michael Rodriguez, Matthew Dalgleish, Vincent DiSabato, and John Doe 16 ("Settling Plaintiffs"). Accordingly, this Opinion and Order does not apply to Settling Plaintiffs, and they will dismiss their claims in due course.

As to the remaining Plaintiffs, the Court **GRANTS** Ohio State's motion to dismiss for the reasons set forth in the Opinion and Orders issued in *Garrett* and *Ratliff*, Case Nos. 2:18-cv-692, 2:19-cv-4746. The reasons requiring dismissal in those cases apply equally to this case. *See, e.g.*, Am. Compl. ¶¶ 62, 65, 67–68, 83, 85–86, 88, 91, 94, 98, 104, 113–14, 116, 119–23, 125, 128, 132, 136, 141, 144, 148, 150–51, 156, 158–59, 161, 163–64, 166, 174, 176, 179, 186, 189–91, 193, 199, 203, 205, 210, 213, 215–18, 220, 224, 227–29, 231, 233, 234–37, 239, 242, 244–46, 248, 252, 254, 258, 262, 264–65, 268, 274–76, 278–79, 282, 287, 289, 294, 298, 301, 303, 309–11, 313, 314, 319, 322–25, 328, 331–35, 339, 341, 342, 344, 346–47, 349, 356, 359–60, 362, 366, 368, 372–73, 375, 380–82, 384, 386, 393, 395, 402, 407–08, 417, 421, 424, 428, 455, 456, 475–76, 497, 504, 534, 537, ECF No. 33.

The Court notes that Plaintiffs' response to Ohio State's motion to dismiss in this case is virtually identical—almost word for word—to the response filed in *Ratliff*. *Compare* Resp., ECF No. 40, Case No. 2:19-cv-2462 *with* Resp., ECF

No. 26, Case No. 2:19-cv-4746. Accordingly, to the extent Plaintiffs in this case assert any claims or raise any arguments that are not addressed in the *Garrett* Opinion and Order, the Court has addressed such claim or argument in the *Ratliff* Opinion and Order.

Accordingly, the Court **DISMISSES** the claims of all Plaintiffs except the settling Plaintiffs. Settling Plaintiffs shall move to dismiss at the appropriate time. The Clerk is **DIRECTED** to terminate ECF Nos. 36 & 40.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**